UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN L. VICTORY,<br><br>  Plaintiff<br><br>v.<br><br>JAMES M. SCHOPPMANN, et al.,<br><br>  Defendants | Case No.: 2:24-cv-01998-APG-MDC<br><br>**Transfer Order** |

**I.   DISCUSSION**

Plaintiff Justin Victory, who is currently incarcerated in the Nevada Department of Corrections, has filed an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983. ECF Nos. 1, 4.  Victory sues defendants James M. Schoppmann and Matthew J. Smith, who are both attorneys in the Mohave County Attorney's Office in Arizona. ECF No. 4 at 2.  The allegations in the complaint are difficult to understand, but Victory appears to allege that he initiated a request for a final disposition regarding charges in Arizona pursuant to the Interstate Agreement on Detainers. *Id.* at 2-3.  The defendants failed to honor the request, and Victory moved to dismiss the case. *Id.* at 3.  The defendants then filed documents in Arizona State Court falsely claiming that they never received Victory's request. *Id.*

Under 28 U.S.C. § 1391(b), a plaintiff may bring an action in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under 28 U.S.C. § 1406, if a case has been filed in the wrong district or division, the district court in which the case has been incorrectly filed may "transfer such case to any district or division in which it could have been brought."

Both defendants appear to work and reside in Mohave County Arizona. The alleged actions or inactions of the defendants in failing to honor the request for a final disposition and then falsely claiming that they had never received the request also took place in Arizona. Because the events giving rise to Victory's claims occurred in Arizona, and the defendants reside in Arizona, I find that the District of Nevada is not the appropriate venue for this action. Mojave County is in the Prescott Division of the District of Arizona. Therefore, I will direct that the Clerk of the Court transfer this action to the United States District Court for Arizona, Prescott Division. I offer no opinion on the merits of this action or the application to proceed *in forma pauperis*.

## II.     CONCLUSION

I THEREFORE ORDER that the Clerk of the Court is kindly directed to transfer this case to the United States District Court for Arizona, Prescott Division, and to close this case in this Court.

Dated: February 26, 2025

_____
Andrew P. Gordon
Chief United States District Judge